Filed 3/18/25  P. v. Ubiarco CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDUARDO UBIARCO,<br><br>Defendant and Appellant. | B337545<br><br>(Los Angeles County<br>Super. Ct. No. TA151057) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Eduardo Ubiarco, in pro. per.; and Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Eduardo Ubiarco appeals from a resentencing order. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and Ubiarco filed a supplemental brief.

On January 1, 2020, Ubiarco shot and killed Claudia L., with whom he had been in a relationship for years and had two children. (*People v. Ubiarco* (June 22, 2023, B319052) [nonpub. opn.].) Ubiarco also shot Claudia's father, Jesus L., who had tried to defend his daughter. Jesus was seriously wounded but survived.

A jury convicted Ubiarco of the first degree murder of Claudia (Pen. Code,[1] § 187, subd. (a); count 1) and of the attempted murder of Jesus (§§ 664, 187, subd. (a); count 2). The jury also found true personal gun use allegations (§ 12022.5, subd. (a)) as to both counts and that Ubiarco inflicted great bodily injury on Jesus (§ 12022.7, subd. (a)). On March 4, 2022, a court sentenced Ubiarco to 25 years to life plus three years on count 1 and, on count 2, to a consecutive 15 years to life, plus three years for the gun use allegation, and three years for the great bodily injury allegation.

On direct appeal, a different panel of this division vacated the sentence on count 2 for attempted murder because the trial court had failed to instruct the jury on any allegation that the crime was done willfully and with premeditation and deliberation. (*People v. Ubiarco*, *supra*, B319052.) Because there was no such instruction or jury finding that the attempted murder was willfull, premeditated, and deliberate, remand was

---

[1]	All further undesignated statutory references are to the Penal Code.

necessary for resentencing on count 2 to a determinate term of five, seven or nine years.  (§ 664, subd. (a).)

At the March 28, 2024 hearing after remand, the trial court resentenced Ubiarco to the midterm of seven years, four years for the gun enhancement, and three years for the great bodily injury enhancement, all consecutive to count 1.

This appeal followed.  Ubiarco's appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record under *People v. Delgadillo*, *supra*, 14 Cal.5th 216.  Ubiarco has submitted a supplemental brief in which he asserts that no evidence of domestic violence was introduced at his trial and therefore the trial court should have sentenced him to a concurrent term on count 2.  Consecutive sentences, however, were appropriate.  Counts 1 and 2 involved separate victims, i.e., Claudia and her father Jesus.  (See generally § 669; Cal. Rules of Court, rule 4.425; *People v. Bradford* (1976) 17 Cal.3d 8, 20 [trial court has discretion whether to run sentences consecutively or concurrently].)  Accordingly, we discern no error in the sentence imposed on count 2.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:


EGERTON, J.


ADAMS, J.